**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL A. MCGUIRE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:25-cv-681-BL-CWB** |
| | ) | |
| **JADARIUS CHARLES RICHARDSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Pending for resolution is a request for leave to file an amended complaint. (*See* Doc. 26). After careful review and consideration, the Magistrate Judge concludes that the request should be denied.

## I. Procedural History

Michael A. McGuire filed this action on August 22, 2025 to assert various claims under 42 U.S.C. § 1983. (*See* Doc. 1). The factual basis for those claims has its roots in a July 25, 2023 "home compliance check" conducted by officers with the Montgomery Police Department. (*Id.*). According to McGuire, the officers ostensibly were attempting to confirm his compliance with the Alabama Sex Offender Registration and Community Notification Act. (*Id.* at pp. 5-11). McGuire alleges that a co-occupant of the residence was so affected and fearful from the officers' aggressive conduct that he intentionally misled the officers by denying that McGuire—who was present but hiding—lived at the residence. (*Id.* at pp. 6-7). The denial resulted in issuance of an arrest warrant for McGuire on July 27, 2023 and McGuire's subsequent arrest on August 4, 2023 for an alleged registration violation. (*Id.* at pp. 7-8). However, the criminal charge was dismissed following an August 25, 2023 hearing where probable cause was found to be lacking. (*Id.* at pp. 9-11).

The original Complaint asserted three counts for "Malicious Prosecution." Count 1 sought to impose liability against Jadarius Charles Richardson—the lead officer involved in the events of July 25, 2023 and the officer who obtained the August 4, 2023 arrest warrant. (*Id.* at pp. 12-13). Count 2 sought to impose liability against Heather Williams—who allegedly was Richardson's supervisor during the period at issue. (*Id.* at pp. 13-14). And Count 3 sought to impose liability against the City of Montgomery and the Montgomery Police Department. (*Id.* at pp. 14-15). McGuire later voluntarily dismissed the Montgomery Police Department as a named defendant (*see* Docs. 18 & 22), and the proceedings otherwise moved into discovery (*see* Doc. 25).

On the deadline for seeking to amend the pleadings (*id.* at p. 3), McGuire filed for leave and attached a copy of the proposed Amended Complaint (Doc. 26) wherein he seeks to add two new parties and four new claims (*see* Doc. 26-1). The first three of the claims seek recovery for "Restraint of Liberty" based upon the events of July 25, 2023.[1] (*Id.* at pp. 16-18). Count 4 asserts such a claim against Richardson on behalf of McGuire (*id.*), and Counts 5 and 6 assert such claims against Richardson on behalf of the two other individuals—Javarus A. Smith and Brenda Smith—who were present at the residence during the compliance check (*id.* at pp. 18-20). Finally, Count 7 seeks to impose supervisory liability against Williams for "Restraint of Liberty" on behalf of all three plaintiffs. (*Id.* at pp. 21-22).

The defendants have opposed the request for leave on grounds that the proposed claims are barred by the two-year limitations period applicable to claims for constitutional violations brought under 42 U.S.C. § 1983. (*See* Doc. 32 at p. 4).

---

[1] The proposed Amended Complaint makes reference to July 23, 2023 instead of July 25, 2023 on multiple occasions within the newly added claims. (*See* Doc. 26-1 at ¶¶ 101, 105, 111, 115, 121, & 125). It is clear from the general context of the Complaint and the Amended Complaint that July 25, 2023—not July 23, 2023—marks the correct date of the home compliance check.

## II. Discussion

Pursuant to the court's Scheduling Order (Doc. 25), the pleadings can be amended only upon consent of the opposing parties or upon leave of court (*id*. at p. 3) (citing Fed. R Civ. P. 15). Although the Federal Rules of Civil Procedure impose a general charge that "[t]he court should freely give leave when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), the Eleventh Circuit has been clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2007). And an amendment is futile if the proposed claims are barred by the applicable limitations period. *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).

The claims to be asserted in the proposed Counts 4 through 7 arise under § 1983 and seek to remedy violations of the Fourth and Fourteenth Amendments to the United States Constitution. (*See* Doc. 26-1 at pp. 16-22). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted); *see also Owens v. Okure*, 488 U.S. 235, 249-50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."). For § 1983 claims filed in Alabama, the controlling limitations period is two years. *See* Ala. Code § 6-2-38(l); *Jones v. Preuit & Mauldin*, 76 F.2d 1480, 1483 (11th Cir. 1989) ("After *Owens*, the two-year limitations period of Ala. Code § 6-2-38(*l*) applies to section 1983 actions in Alabama."). That period begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *McNair*, 515 F.3d at 1173 (citing *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)).

Here, the new § 1983 claims as set out in the proposed Amended Complaint arise solely from conduct occurring on July 25, 2023. (*See* Doc. 26-1 at pp. 16-22). It therefore was necessary for those claims to have been brought no later than two years thereafter, to wit, July 25, 2025—meaning the purported claims in Counts 4 through 7 already were time-barred at the filing of this lawsuit on August 22, 2025. Because the proposed Amended Complaint thus would be futile, the court is not required to grant leave under Rule 15(a)(2). *See Moore*, 989 F.2d at 1131 ("In the instant case, the lower court denied leave to amend on the ground that the newly-asserted claim was barred by the applicable statute of limitations and that allowing the amendment would, therefore, be futile. If correct, the district court's rationale would be sufficient to support a denial of leave to amend the complaint."); *see also id.* at 1132 ("Since the amended complaint could not withstand a motion to dismiss, we hold that the district court did not abuse its discretion in denying Moore's motion to amend her complaint.").[2]

## III. Conclusion

Accordingly, the undersigned Magistrate Judge hereby **RECOMMENDS** that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 26) be denied.

[2] Extensive briefing was devoted to the question of whether the proposed Amended Complaint should relate back to the date the original Complaint was filed on August 22, 2025. (*See* Doc. 34). But relation back has no bearing on the outcome in this instance. Even if the new claims in the Amended Complaint indeed would relate back to the date this lawsuit was filed, the claims would remain untimely. It is clear from the face of the Complaint and the Amended Complaint that any "Restraint of Liberty" effectuated on July 25, 2023 concluded when the officers left the residence. Because the facts giving rise to a potential claim were apparent at that time, the limitations clock began to run. *See Wallace v. Kato*, 549 U.S. 384, 987-91 (2007). No factual allegations have been made to support any type of tolling of the two-year deadline prior to its expiration. The decision regarding probable cause on August 25, 2023 serves only as the measuring date for McGuire's claims for "Malicious Prosecution." *See McDonough v. Smith*, 588 U.S. 109, 110 (2019) (stating that a claim for malicious prosecution "accrues … once the underlying criminal proceedings have been resolved in the plaintiff's favor").

It is **ORDERED** that all objections to this Recommendation must be filed no later than **August 25, 2026**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 11th day of August 2026.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**